UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CHARLES COLEMAN, JOHN T. COONEY, JR., JAMES
BODRATO, and JOHN J. CHIAFFI, in their fiduciary capacity
as Trustees for the LABORERS LOCAL 754 HEALTH &         **COMPLAINT**
WELFARE FUND, PENSION FUND, SAVINGS FUND,
ANNUITY FUND, INDUSTRY ADVANCEMENT FUND,
DUES SUPPLEMENT FUND, LECET FUND, NATIONAL
HEALTH AND SAFETY FUND, NYSLPAFUND, 754 LECET
FUND, TRAINING FUND and ORGANIZING FUND; and
CHARLES COLEMAN and JOHN J. CHIAFFI, as Officers         07-CV-
of LABORERS LOCAL UNION 754,

                                                                Plaintiffs,

                      -against-

BARBATO CONSTRUCTION COMPANY, INC., GARY E. HULT,
and DOE FIDUCIARY,

                                                       Defendants.
---------------------------------------------------------------------X

       Plaintiffs, by their attorneys, HOLM & O'HARA LLP, as and for their Complaint against

the Defendants, allege the following:

## NATURE OF ACTION

       1.      This is an action arising under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. §141, et seq., and the common law.

## JURISDICTION AND VENUE

       2.      Jurisdiction over the causes of action alleged herein is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1337; by 29 U.S.C. §§185(c), 1002(21), 1132(a)(3), 1132(d),

1132(e)(1), 1132(f), and 1145.

3. Venue properly lies in this district under 29 U.S.C. §§ 185(a) and 1132(e)(2). Service of process may be made on Defendants in any other district in which they may be found pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiffs, LABORERS LOCAL UNION 754 HEALTH & WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, DUES SUPPLEMENT FUND, LECET FUND, NATIONAL HEALTH AND SAFETY FUND, NYSLPA FUND, 754 LECET FUND, TRAINING FUND and ORGANIZING FUND ("FUNDS"), are jointly trusteed multi-employer plans established pursuant to a collective bargaining agreement in accordance with 29 U.S.C. § 186(c)(5). The FUNDS are employee benefit plans within the meaning of 29 U.S.C. §§ 1002(2), (3), and 1132(d)(1), and are multi-employer plans within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The FUNDS are authorized under 29 U.S.C. § 1132(d)(1) to maintain suit as an independent legal entity. The FUNDS maintain their offices and are administered at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

5. Plaintiff LABORERS LOCAL UNION 754 ("LOCAL 754") is a labor organization within the meaning of 29 U.S.C. § 185 and an employee organization pursuant to 29 U.S.C. § 1002(4) which represents employees in industries or activities affecting interstate commerce as defined in 29 U.S.C. § 1002(12). LOCAL 754 maintains its offices and is administered at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

6. Plaintiffs CHARLES COLEMAN, JOHN T. COONEY, JR., JAMES BODRATO and JOHN J. CHIAFFI are Trustees of the FUNDS. The Trustees are fiduciaries within the meaning of 29 U.S.C. §§ 1002(21) and 1132, and bring this action in their fiduciary capacity.

Plaintiffs CHARLES COLEMAN and JOHN J. CHIAFFI are officers of Local 754 and in their administrative capacity are duly authorized to bring this action for contributions, dues, and assessments against the Defendants.

7.  Defendant BARBATO CONSTRUCTION COMPANY, INC. ("BARBATO") is a for-profit foreign corporation, doing business in the state of New York with its principal place of business located at 321 Spicer Avenue, South Plainfield, NJ 07080.

8.  Defendant BARBATO is an employer within the meaning of 29 U.S.C. §§ 1002(5) and 1145 and is engaged in an industry affecting interstate commerce within the meaning of 29 U.S.C. § 185. Further, BARBATO is a signatory to a collective bargaining agreement with LOCAL 754 which expressly incorporates by reference the declaration of trust agreements.

9.  Upon information and belief, Defendant GARY E. HULT ("HULT") is an owner of BARBATO and is a fiduciary as defined by ERISA, 29 U.S.C. § 1002(21). Upon information and belief, HULT exercised direct control over the assets of defendant BARBATO and exercised control or authority over the disposition of plan assets that should have been held in trust by BARBATO and remitted to the FUNDS.

## PRELIMINARY STATEMENT

10. HULT, on behalf of himself and BARBATO, executed the Collective Bargaining Agreement ("CBA") with LOCAL 754 on June 6, 2004.

11. At all times relevant to the allegations of this Complaint, Defendants and LOCAL 754 have been parties to and bound by the CBA governing the rates of pay and the working conditions of individuals employed by Defendant BARBATO within the jurisdiction of LOCAL

754. Pursuant to the CBA, Defendant is required to pay all employees performing covered employment within the jurisdiction of LOCAL 754 an agreed upon wage.

12.   Article VIII of the CBA, as amended by the April 2007 Contribution and Dues Rates, attached hereto as Appendix A, requires HULT and BARBATO (collectively "EMPLOYER") to pay to the Welfare Fund the sum of $7.70 per hour for work done in accordance with the CBA, for each hour paid to laborers employed by the EMPLOYER.

13.   Article IX of the CBA, as amended by the April 2007 Contribution and Dues Rates, attached hereto as Appendix A, requires EMPLOYER to pay to the Pension Fund the sum of $3.95 per hour for work done in accordance with the CBA, for each hour paid to laborers employed by the EMPLOYER.

14.   Article X of the CBA requires EMPLOYER to deduct $2.10 per hour for the Savings Fund from the net hourly rate of employees for each hour paid to employees of the EMPLOYER covered by this CBA.

15.   Article XI of the CBA, as amended by the April 2007 Contribution and Dues Rates, attached hereto as Appendix A requires EMPLOYER to pay to the Annuity Fund the sum of $2.00 per hour for work done in accordance with the CBA, for each hour paid to laborers employed by the EMPLOYER.

16.   Article XII of the CBA requires EMPLOYER to deduct Union dues in the amount of $1.25 per hour from the weekly pay of each employee who has authorized such deductions in writing and to remit weekly to LOCAL 754 a list of employees and the number of hours worked by each employee.

17.   Article XIV of the CBA, as amended by the April 2007 Contribution and Dues Rates, attached hereto as Appendix A, requires any entity bound by the CBA to pay $.25 per

hour for each regular hour paid to the members of the unit covered by the CBA to the contractor's Industry Advancement Fund.

18. Article XV of the CBA, as amended by the April 2007 Contribution and Dues Rates, attached hereto as Appendix A, requires EMPLOYER to contribute to the Laborers' Training and Education Trust at the rate of $.45 for each hour or portion of each hour paid by the EMPLOYER under this CBA.

19. Article XVI of the CBA requires EMPLOYER to contribute to the New York State Laborers-Employers Cooperation and Education Trust at the rate of $.10 for each hour or portion of each hour paid by an Employer under the CBA.

20. Article XVII of the CBA requires EMPLOYER to contribute to the New York Health and Safety Fund of North America at the rate of $.05 for each hour or portion of each hour paid by an Employer under the CBA.

21. Article XVIII of the CBA requires EMPLOYER to deduct and transmit to the New York State Laborers' Political Action Committee $.05 for each hour paid from employees who have voluntarily authorized such transaction.

22. Article XIX of the CBA requires EMPLOYER to pay to the 754/Contractors Organizing & Development Fund the sum of $.35 per hour for work done in accordance with the CBA, for each hour paid to laborers employed by the EMPLOYER.

23. Schedule A of the CBA, and the Contribution and Dues Rates, attached hereto as Appendix A, require EMPLOYER to contribute to the 754 Laborers-Employers Cooperation and Education Trust at the rate of $.10 for each hour or portion of each hour paid by an Employer under the CBA.

24. Article XXI of the CBA requires EMPLOYER to permit examination of its books and records and to make such books and records available to the auditor for the purpose of verifying the proper contributions to the FUNDS. This Article also provides for payment of a delinquent employer of all contributions owed, together with liquidated damages of 20% of the unpaid principal, interest, attorneys' fees, court costs and audit fees, all in accordance with ERISA.

25. Pursuant to ERISA, 29 U.S.C. § 1059, Defendants have a duty to maintain adequate records regarding the hours worked by their employees for whom fringe benefit contributions have and/or are required to be paid into the FUNDS.

## NOTIFICATION TO EMPLOYER

26. On November 20, 2007, Holm & O'Hara LLP, on behalf of the Funds, demanded that EMPLOYER remit all outstanding reports and contributions, dues and assessments to the FUNDS within 10 days.

27. To date, EMPLOYER has failed or refused to comply with the requests.

## FUNDS' CLAIM FOR RELIEF AGAINST EMPLOYER – ERISA

28. The FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint.

29. As determined by the FUNDS' records, there are delinquent contributions due and owing to the FUNDS from Defendant which are from the period of April 1, 2007 through September 30, 2007 in the sum of at least $3,780.00 as a result of work performed by individual employees pursuant to the CBA.

30. ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a

Collective Bargaining Agreement, to make such contributions in accordance with the terms and conditions of such plan or Agreement.

31.  No part of the contributions have been paid by Defendant although all have been duly demanded. The FUNDS have therefore been damaged in the amount of at least $3,780.00

32.  Pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2), Defendants are liable to FUNDS for: (a) the unpaid contributions; (b) a complete audit of BARBATO'S books and records; (c) such additional contributions determined to be due and owing pursuant to an audit of BARBATO'S books and records; (d) interest on the unpaid contributions; (e) liquidated damages as set forth in the CBA; (f) attorneys' fees and costs of the action; and (g) such other legal or equitable relief as the court deems appropriate.

## FUNDS' CLAIM FOR RELIEF AGAINST EMPLOYER
## LMRA - CONTRIBUTIONS

33.  The FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "32" of this Complaint.

34.  The failure of Defendant EMPLOYER to make the required contributions to the FUNDS constitutes a violation of the CBA, Articles VII through XXI, between BARBATO and LOCAL 754. The FUNDS are a third-party beneficiary to the CBA between LOCAL 754 and BARBATO.

35.  Pursuant to the CBA, Article XXI, EMPLOYER is liable to LOCAL 754 and the FUNDS for: (1) the unpaid contributions; (2) interest on the unpaid contributions determined at the prime rate; (3) liquidated damages of 20% of the unpaid contributions; and (4) attorneys' fees and costs of collection.

## LOCAL 754'S CLAIM FOR RELIEF AGAINST EMPLOYER
## LMRA – UNION DUES AND FEES

36. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "35" of this Complaint.

37. Pursuant to the CBA, Defendant became obligated to deduct certain dues and assessments from the wages paid to Defendant BARBATO's employees performing work within the jurisdiction of LOCAL 754, who as Union members and FUNDS' participants, authorized such deductions in writing.

38. Pursuant to the CBA, and employees who authorized such transaction in writing, there were certain dues and assessments deducted from the wages of Defendant BARBATO's employees.

39. No part of the dues and assessments owed to LOCAL 754 have been paid by Defendants, which sums upon information and belief have been converted by Defendant, the amount thereof must be determined by audit of Defendant BARBATO'S books and records.

## LOCAL 754 AND FUNDS' CLAIM FOR RELIEF AGAINST HULT

40. Upon information and belief, HULT exercised the authority to sign checks on behalf of EMPLOYER including checks which should have been submitted to the FUNDS for contributions.

41. In violation of the CBA and ERISA, EMPLOYER has failed to remit all contributions for the period May 2007 to date and continuing throughout the pendency of this action, subject to verification by audit.

42. Pursuant to 29 U.S.C. § 1109(a) and the CBA, the FUNDS are entitled to recover from HULT the following: a) all delinquent contributions found due and owing from April 1, 2007 to date and continuing during the pendency of this action of an amount not less than

$3,780.00, subject to verification by audit; b) interest at prime rate on all delinquent contributions (as defined in the CBA); c) the costs of an audit; d) liquidated damages of 20%; and e) reasonable attorneys' fees, costs, and expenses.

43. Pursuant to Article XII of the CBA, EMPLOYER was required to remit DUES on a weekly basis to LOCAL 754 for each person represented by LOCAL 754 in the employ of EMPLOYER.

44. Upon information and belief, HULT exercised dominion and control respecting management or disposition of union DUES that should have been held in trust by EMPLOYER and remitted to LOCAL 754.

45. Upon information and belief, HULT failed to remit all union DUES due and owing to LOCAL 754 for EMPLOYER employees from April 2007 to date and continuing during the pendency of this action, subject to verification by audit.

46. HULT interfered with plaintiff LOCAL 754's right to possess and control those DUES under common law.

47. Pursuant to common law, LOCAL 754 is entitled to recover from HULT the DUES for the time period between April 2007 to date and continuing during the pendency of this action, subject to verification by audit, plus interest and attorney's fees thereon.

**LOCAL 754 AND FUNDS' CLAIM FOR RELIEF AGAINST DOE FIDUCIARY**

48. Upon information and belief, DOE FIDUCIARY exercised the authority to sign checks on behalf of EMPLOYER including checks which should have been submitted to the FUNDS for contributions.

49. In violation of the CBA and ERISA, EMPLOYER has failed to remit all contributions for the period April 2007 to date and continuing throughout the pendency of this action, subject to verification by audit.

50. Pursuant to 29 U.S.C. § 1109(a) and the CBA, the FUNDS are entitled to recover from DOE FIDUCIARY the following: a) all delinquent contributions found due and owing from April 1, 2007 to date and continuing during the pendency of this action of an amount not less than $3,780.00, subject to verification by audit; b) interest at prime rate on all delinquent contributions (as defined in the CBA); c) the costs of an audit; d) liquidated damages of 20%; and e) reasonable attorneys' fees, costs, and expenses.

51. Pursuant to Article XII of the CBA, EMPLOYER was required to remit DUES on a weekly basis to LOCAL 754 for each person represented by LOCAL 754 in the employ of EMPLOYER.

52. Upon information and belief, DOE FIDUCIARY exercised dominion and control respecting management or disposition of union DUES that should have been held in trust by EMPLOYER and remitted to LOCAL 754.

53. Upon information and belief, DOE FIDUCIARY failed to remit all union DUES due and owing to LOCAL 754 for EMPLOYER employees from April 2007 to date and continuing during the pendency of this action, subject to verification by audit.

54. DOE FIDUCIARY interfered with plaintiff LOCAL 754's right to possess and control those DUES under common law.

55. Pursuant to common law, LOCAL 754 is entitled to recover from DOE FIDUCIARY the DUES for the time period between April 2007 to date and continuing during the pendency of this action, subject to verification by audit, plus interest and attorney's fees

thereon.

## FUNDS' PRAYER FOR INJUNCTIVE RELIEF

56. EMPLOYER's failure to abide by the CBA will result in the FUNDS being required to deny the employee-beneficiaries for whom required contributions have not been made the benefits provided thereunder, thereby causing to such employee-beneficiaries substantial and irreparable damage.

57. Further, the FUNDS will be required to provide to employees of EMPLOYER benefits provided for under the CBA, notwithstanding EMPLOYER's failure to make required contributions, thereby reducing the corpus of such funds administered by the FUNDS and endangering the rights of employee-beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

58. The FUNDS are without an adequate remedy at law and the employee-beneficiaries of the FUNDS and the members of LOCAL 754 will suffer immediate, continuing, and irreparable injury, loss, and damage unless EMPLOYER is ordered to perform specifically all of their obligations to the FUNDS and to LOCAL 754 under the terms of the CBA and are restrained from continuing their refusal to perform.

WHEREFORE, Plaintiff Trustees and Local 754 hereby seek judgment as follows:

    a. In favor of the FUNDS, an Order requiring Defendants to permit and cooperate in an audit of its books and records for the relevant period;

    b. In favor of the FUNDS, damages in the amount of at least $3,780.00, representing all unpaid contributions for the period of April 1, 2007 to date; plus such additional sums as may be determined by the audit;

    c. In favor of the FUNDS, interest on all unpaid contributions which became due for the period of April 1, 2007 through the present and during this present action;

    d.    In favor of LOCAL 754, damages in the amount determined by audit representing non-remitted dues and initiation fees and other check-off obligations for the period of April 1, 2007 to the date of judgment, plus interest and attorneys' fees;

    e.    Against HULT, and DOE FIDUCIARY for all outstanding past due contributions to the FUNDS for the period April 1, 2007 to date and continuing throughout the pendency of this action, subject to verification by audit, in accordance with ERISA;

    f.    Against HULT, and DOE FIDUCIARY for payment of all unpaid DUES due and owing LOCAL 754 for the period April 1, 2007 to date and continuing throughout the pendency of this action, subject to verification by audit;

    g.    The reimbursement of Plaintiff's attorneys' fees and costs pursuant to the CBA and ERISA, 29 U.S.C. § 1132(g)(2); and

    h.    Such other legal and equitable relief as the court deems appropriate.

Dated: New York, New York
       January 2, 2008

                    HOLM & O'HARA LLP
                    Attorneys for Plaintiffs

                    By_____
                    Vincent O'Hara
                    Carol G. Dell
                    3 West 35th Street, 9th Floor
                    New York, New York 10001
                    (212) 682-2280

To:    Gary E. Hult
       Barbato Construction Co.
       321 Spicer Avenue
       South Plainfield, NJ 07080

L:\VFO\Local 754\4754.004-Barbato\Complaint.doc

Exhibit A

LABORERS LOCAL NO. 754 JOINT BENEFIT FUNDS

STAMP PROGRAM CONTRIBUTION RATES

| DATE | | WELFARE | | PENSION | | SAVINGS | | ANNUITY | | IAF | | DUES | | TOTAL HR VALUE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/01 | H | $ | 3.50 | $ | 2.85 | $ | 2.10 | $ | 2.00 | $ | 0.20 | $ | 1.25 | $ | 13.00 |
| 05/01 | B | $ | 3.50 | $ | 2.85 | $ | 2.10 | $ | 2.00 | $ | 0.30 | $ | 1.25 | $ | 13.10 |
| 04/02 | H | $ | 3.50 | $ | 2.85 | $ | 2.10 | $ | 2.00 | $ | 0.20 | $ | 1.25 | $ | 13.00 |
| 05/02 | B | $ | 3.50 | $ | 2.85 | $ | 2.10 | $ | 2.00 | $ | 0.35 | $ | 1.25 | $ | 13.15 |
| 04/03 | H | $ | 3.50 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.25 | $ | 1.25 | $ | 14.15 |
| 05/03 | B | $ | 3.50 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.35 | $ | 1.25 | $ | 14.25 |
| 04/04 | H | $ | 4.65 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.25 | $ | 1.25 | $ | 15.30 |
| 05/04 | B | $ | 4.65 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.35 | $ | 1.25 | $ | 15.40 |
| 04/05 | H | $ | 6.20 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.25 | $ | 1.25 | $ | 16.85 *(1) |
| 05/05 | B | $ | 6.15 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.35 | $ | 1.25 | $ | 16.90 |
| 06/06 | H | $ | 7.95 | $ | 3.95 | $ | 2.10 | $ | 0.25 | $ | 0.25 | $ | 1.25 | $ | 16.85 *(1) |
| 06/06 | B | $ | 7.90 | $ | 3.95 | $ | 2.10 | $ | 0.25 | $ | 0.35 | $ | 1.25 | $ | 16.90 |
| 04/07 | H | $ | 7.70 (1) | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.25 | $ | 1.25 | $ | 18.35 *(1) |
| 05/07 | B | $ | 7.65 | $ | 3.95 | $ | 2.10 | $ | 2.00 | $ | 0.35 | $ | 1.75 | $ | 18.90 |

'NH&S FUND    = $   0.05
LECET FUND   = $   0.10
NYSLPA FUND  = $   0.05
TRAINING     = .30B .30H/.45 8/03
754 LECET    = $   0.10
ORGANIZING   = .50 4/01/.35 8/03

(1) WEL       = $6.15+.05
              DRUG TEST=$6.20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES COLEMAN, JOHN T. COONEY, JR., JAMES BODRATO, and JOHN J. CHIAFFI, in their fiduciary capacity as Trustees for the LABORERS LOCAL 754 HEALTH & WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, DUES SUPPLEMENT FUND, LECET FUND, NATIONAL HEALTH AND SAFETY FUND, NYSLPA FUND, 754 LECET FUND, TRAINING FUND and ORGANIZING FUND; and CHARLES COLEMAN and JOHN J. CHIAFFI, as Officers of LABORERS LOCAL UNION 754,

Plaintiffs,

-against-

BARBATO CONSTRUCTION COMPANY, INC., GARY E. HULT, and DOE FIDUCIARY,

Defendants.

---

## COMPLAINT

---

**HOLM & O'HARA LLP**

*Attorneys for*

**Plaintiffs**
3 West 35TH Street, 9TH Floor
New York, NY 10001

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* .............................................   *Signature* ........................................................................................................

*Print Signer's Name* ..............................................................................

---

*Service of a copy of the within*                                                                                              *is hereby admitted.*

*Dated:*

........................................................................
*Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                                             20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                                              one of the judges of the within named Court,
at
on                                        20         , at                    M.

*Dated:*

**HOLM & O'HARA LLP**

*Attorneys for*

---

*To:*

*Attorney(s) for*